UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
SHIRLEY PERHALLA,                     :
                                      :CIVIL ACTION NO. 3:05-CV-2132
          Plaintiff,                  :
                                      :
          v.                          :
                                      :(JUDGE CONABOY)
ECONOMIC DEVELOPMENT COUNCIL          :
OF NORTHEASTERN PENNSYLVANIA          :
T/D/B/A NORTHEASTERN PENNSYLVANIA     :
ALLIANCE, POCONO NORTHEAST            :
DEVELOPMENT FUND T/D/B/A              :
NORTHEASTERN PENNSYLVANIA             :
NONPROFIT & COMMUNITY ASSISTANCE      :
CENTER                                :
```

_____

**ORDER**

Defendant Pocono Northeast Development Fund t/d/b/a

Northeastern Pennsylvania Nonprofit & Community Assistance Center

("Pocono Fund") filed a Motion to Dismiss two of the three claims

asserted in Plaintiff's Complaint which is in federal court based

on Plaintiff's Age Discrimination in Employment Act ("ADEA") claim.

Pocono Fund seeks dismissal of the ADEA claim as well as Count III

brought under the Pennsylvania Human Relations Act ("PHRA").

Defendant does not seek dismissal of Plaintiff's claim for Breach

of Contract - Third Party Beneficiary, Count I.

Pocono Fund asserts two bases for seeking dismissal of Counts

II and III.  First, Pocono Fund was not named in Plaintiff's Charge

of Discrimination with the Pennsylvania Human Relations Commission

in Plaintiff's Amended Charge and was not a witness or interested

1

party in the PHRC Questionnaire.  (Doc. 12 at 3.)  (Plaintiff named
only the Northeastern Pennsylvania Alliance ("NEPA").)  (*Id.* at 6.)
Second, Pocono Fund did not have the requisite number of employees
to be held liable under the ADEA or PHRA.  (*Id.* at 8.)

Additionally, Pocono Fund asserts that Plaintiff's demand for
punitive damages should be stricken because punitive damages are
not available under the ADEA, PHRA or for breach of contract.  (*Id.*
at 9.)

Plaintiff contends that the named Defendants should be
considered "joint employers" and, therefore, Pocono Fund has the
requisite number of employees.  (Doc. 13-1 at 7-10.)  Among the
arguments made in support of its position, Pocono Fund asserts that
"the relevant supervisory personnel at the Fund, i.e. Moore and
Box, have authority over the employees at NEPA as well as the Fund
and, and [sic] although the entities may be legally separate, they
certainly 'share or codetermine those matters governing essential
terms and conditions of employment.'" (*Id.* at 10 (quoting *NLRB v.
Browning-Ferris*, 691 F.2d 1117, 1124 (3d Cir. 1982)).)

Pocono Fund's reply to this argument includes the assertion
that Plaintiff's Complaint lacks allegations to support a "joint
employer" theory.  (Doc. 17 at 6.)

In the federal system, notice pleading is generally
sufficient, but where there is a question of whether a plaintiff
has given adequate information to allow defendants to defend

themselves, one thing a court can do is allow the plaintiff to file
an amended complaint.  Because we lean toward Plaintiff's argument
based on the allegations made here, we will allow Plaintiff to file
an amended complaint more clearly setting out the allegations
against each Defendant.

Regarding the issue of the effect of Plaintiff's failure to
name Pocono Fund in the administrative proceedings, the parties
agree that the Third Circuit Court of Appeals adopted a four-part
test to determine jurisdiction in *Glus v. The G.C. Murphy Co.*, 629
F.2d 248 (3d Cir. 1980), *vacated on other grounds*, 451 U.S. 935
(1981).  The following four factors are to be considered:

> 1) whether the role of the unnamed party
> could through reasonable effort by the
> complainant be ascertained at the time of the
> filing of the EEOC complaint; 2) whether,
> under the circumstances, the interests of a
> named (party) are so similar as the unnamed
> party's that for the purpose of obtaining
> voluntary conciliation and compliance it
> would be unnecessary to include the unnamed
> party in the EEOC proceedings; 3) whether its
> absence from the EEOC proceedings resulted in
> actual prejudice to the interests of the
> unnamed party; 4) whether the unnamed party
> has in some way represented to the
> complainant that its relationship with the
> complainant is to be through the named party.

*Glus*, 629 F.2d at 251.

Because we have determined that it is appropriate to allow
Plaintiff to amend her Complaint, and because an amended complaint
could provide additional information which may pertain to one or
more of the *Glus* factors, we will not further discuss the

jurisdictional issue at this time.

Finally, because Plaintiff agrees with Pocono Fund that punitive damages are not recoverable in an action filed pursuant to the ADEA, PHRA or under contract law, (Doc. 13-1 at 10), Pocono Fund's motion is granted insofar as it requests the Court to strike Plaintiff's demand for punitive damages.

AND NOW, THIS _____ DAY OF JANUARY 2006, FOR THE REASONS DISCUSSED ABOVE, THE FOLLOWING ORDER IS ENTERED:

1.  Defendant Pocono Fund's Motion to Dismiss Counts II and III of Plaintiff's Complaint, (Doc. 11-1), is GRANTED IN PART and DENIED IN PART;

2.  The Motion is GRANTED insofar as it requests the Court to strike Plaintiff's demand for punitive damages in paragraph 63 of Plaintiff's Complaint, (Doc. 1);

3.  The Motion is DENIED insofar as it requests the Court to dismiss Count II and Count III of Plaintiff's Complaint, (Doc. 1);

4.  Plaintiff is granted leave to file an amended Complaint on or before February 24, 2006;

5.  The Clerk of Court is to mark the docket.

___

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

4